IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marsha A. Ferira, | ) Civil Action No. 2:18-cv-0412-RMG |
| Plaintiff, | ) |
| v. | ) **ORDER AND OPINION** |
| State Farm Fire & Casualty Co., | ) |
| Defendant. | ) |

Before the Court is Plaintiff's motion to compel Defendants to produce documents. (Dkt. No. 22.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I. Background

Plaintiff seeks to enforce her homeowner's insurance policy to cover the cost of repairing her roof in October 2015. The parties agree that the 2015 homeowner's insurance policy governs this dispute and is not ambiguous. Plaintiff contends that her roof was damaged by a storm, as covered by the policy. Defendant argues that the roof was damaged as a result of wear-and-tear, which is not covered by the policy. Plaintiff served Requests for Production ("RFPs") on Defendant and Defendant objected to the relevance of four particular Requests. Plaintiff here asks the Court to compel Defendant to produce certain documents relating to Plaintiff's homeowner's policies in effect from 2013 to present.

## II. Legal Standard

### A. Discovery

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with

information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Notwithstanding, the Court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

"Courts have broad discretion in [their] resolution of discovery problems arising in cases before" them. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003). Information sought is relevant if it "bears on [or] reasonably could lead to another matter that could bear on, any issue that is in or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Court will weigh if the information sought is proportional to the needs of the case by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(1).

**B.    Motion to Compel**

If a party declines to comply with a Request for Production, the serving party may move for an order to compel production. Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion to grant or deny a motion to compel discovery. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139

(4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III. Discussion

Plaintiff moves to compel the production of homeowner's policies issued to her by Defendant from 2013 to present (RFP No. 1); these policies' claim files (RFP No. 2); these policies' underwriting files (RFP No. 4); and these policies' premium records (RFP No. 5). Plaintiff argues that her prior homeowner's policies and their related files are relevant to her case because they may shed light on Defendant's understanding of the 2015 policy at issue. In response, Defendant contends that whatever its understanding is of the 2015 policy is irrelevant because, in any event, the 2015 policy governs and is not ambiguous.

#### A. Prior Homeowners' Policies

Plaintiff alleges that Defendant led her to believe her roof installation would be covered by the policy by communicating that reimbursement would be made upon confirmation from a roofer that the damage was not from prior inadequate maintenance. (Dkt. No. 21 at ¶ 12.) Plaintiff argues that the homeowner's policies issued to her by Defendant from 2013 to present are relevant to Defendant's understanding of whether the 2015 policy's terms were the same as the prior policies' terms. Relevance in discovery is broadly construed to enable parties to exchange information that may lead to an issue of the case. These prior policies may be relevant to Plaintiff's claim that she was misled by Defendant (Dkt. No. 21 at ¶ 29) to the extent, for example, a comparison of the policies demonstrates Defendant changing a material policy term on which Plaintiff had relied. Assuming Plaintiff is seeking production of her own past policies because she did not retain copies, the burden to Defendant—a large corporation presumably with personnel dedicated to maintaining electronic records of clients' policies—of producing the policies does not outweigh a likelihood that Plaintiff may benefit from reviewing them.

The Court finds these documents are relevant and proportional. Plaintiff's motion to compel production of her homeowner's policies from 2013 to present, in response to RFP No. 1, is granted.

**B.     Prior Claim Files and Underwriting Files**

Plaintiff argues that the claim files associated to her prior homeowner's policies are also relevant to Defendant's understanding of its obligations under the 2015 policy because the files may show whether Defendant handled prior claims differently than the instant claim. If the prior claims are similar to the instant claim, then a comparison of Defendant's records illustrating treatment of them may bear on an issue relating to Plaintiff's allegation that she was misled by Defendant. The underwriting files could also demonstrate Defendant's understanding of its obligation under the 2015 contract, such as by containing a notation that an offer be made to repair storm damage despite no intention to actually pay, which may have a bearing on the issue of whether Defendant felt free to mislead Plaintiff. The claim files and underwriting files associated with prior policies are Defendant's records and therefore would not be accessible to Plaintiff without a document demand, and the burden of production does not outweigh the potential value to Plaintiff.

Plaintiff's motion to compel production of the claim files and underwriting files associated with her prior homeowner's policies, in response to RFP Nos. 2 and 4, is granted.

**B.     Prior Premium Records**

Plaintiff's motion to compel production of premium records in response to RFP No. 5 is denied. Whatever the relevance, Plaintiff has sufficient access to the premiums she was charged or paid by reviewing her bank statements.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 15, 2018
Charleston, South Carolina